UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY LOUIS ALFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>DANIEL C. HOHLER,<br><br>    Defendant. | **ORDER TO SHOW CAUSE REGARDING CONTEMPLATED DISMISSAL**<br><br>Case No. 18-cv-06348-JST (PR) |
| RICKEY LOUIS ALFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>MOLLY C. DWYER,<br><br>    Defendant. | Case No. 18-cv-06349-JST (PR) |
| RICKEY LOUIS ALFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES COURT OF APPEALS,<br><br>    Defendant. | Case No. 18-cv-6383-JST (PR) |
| RICKEY LOUIS ALFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>ALKA SAGAR,<br><br>    Defendant. | Case No. 18-cv-6396-JST (PR) |

Plaintiff, a state prisoner and frequent litigant in this Court, filed the above-referenced pro se civil rights complaints pursuant to 42 U.S.C. § 1983. Plaintiff seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The matters are now before the Court for consideration of plaintiff's in forma pauperis applications.

A prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes, so the mere fact that plaintiff has filed many cases in the federal courts in California alone does not warrant dismissal under § 1915(g). *See id.* Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id.* at 1120. *Andrews* implicitly allows the court to sua sponte raise the § 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See*

2

*id.* A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in plaintiff's prior prisoner actions reveal that he has had at least three such cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. The qualifying cases include: (1) *Alford Morris-Day v. Obama*, No. 18-cv-2706 BAS-WVG (S.D. Cal. Dec. 3, 2018) (dismissed as frivolous); (2) *Alford v. Evans*, No. C 06-4314 JF (PR) (N.D. Cal. June 28, 2007) (dismissed for failure to state a claim); (3) *Day v. Jones*, C, 96-cv-3277 KMM (S.D. Fla. Dec. 18, 1996) (dismissed as frivolous); (4) *Day v. Gomez*, No. C. 96-cv-2734 WDF (S.D. Fla. Dec. 31, 1996) (dismissed as frivolous); and (5) *Day v. Feinstein*, C 96-1796 FMS (N.D. Cal. May 24, 1996) (dismissed as frivolous).[1]

In light of these dismissals, and because it does not appear that plaintiff was under imminent danger of serious physical injury when he filed the instant actions, plaintiff is ORDERED TO SHOW CAUSE in writing within **thirty (30)** days of this order, why in forma pauperis should not be denied and these four actions should not be dismissed pursuant to 28 U.S.C. § 1915(g). In the alternative to showing cause why the actions should not be dismissed, plaintiff may avoid dismissal by paying the full $400.00 filing fee by the same deadline.[2]

**IT IS SO ORDERED.**

Dated: January 16, 2019



JON S. TIGAR
United States District Judge

---

[1] Plaintiff at times goes by the name "Morris Day." *See* Case No. 18-6396 JST (PR) at ECF No. 1.
[2] A $400.00 filing fee must be paid in *each* separate action that plaintiff wishes to pursue.

3